**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**RAGILLE HARRY DUPLESSIS (#376706)**                    **CIVIL ACTION**

**VERSUS**

**ADMINISTRATION OFFICERS, ET AL.**                      **NO. 09-0250-JVP-CN**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, July 15, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**RAGILLE HARRY DUPLESSIS (#376706)**                         **CIVIL ACTION**

**VERSUS**

**ADMINISTRATION OFFICERS, ET AL.**               **NO. 09-0250-JVP-CN**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against "Administration Officers [at the] Camp-J, Management Program" at LSP, alleging that his constitutional rights were violated in July 2008, when he was charged with three (3) disciplinary reports for Aggravated Disobedience and five (5) disciplinary reports for Defiance, and when he was thereafter maintained in administrative segregation for a period of eighteen (18) days without a disciplinary board hearing.[1]

Pursuant to 28 U.S.C. § 1915(e), this Court shall dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner,

---

[1] The plaintiff has filed a motion for injunctive relief and two (2) motions for summary judgment. See rec.doc.nos. 4, 6 and 8. In light of the Court's conclusion that the plaintiff's Complaint should be dismissed as legally frivolous, the Court will recommend denial of these pending motions as moot.

69 F.3d 22 (5th Cir. 1995).  A § 1915(e) dismissal may be made at any time, before or after service of process and before or after an answer is filed.  <u>Green v. McKaskle</u>, <u>supra</u>.  In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion thereof, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

Applying this standard in the instant case, the Court concludes that the plaintiff's claims are frivolous as a matter of law.  In his Complaint, the plaintiff alleges that on July 12, 2008, he was charged with the above-referenced eight (8) disciplinary offenses and placed in administrative segregation pending disciplinary board hearings on the charges.  He complains of the deprivations which he allegedly suffered in administrative segregation and asserts that, notwithstanding that prison rules mandate that a hearing be conducted within 72 hours of a charged offense, he was nonetheless held in administrative segregation for an additional period of eighteen (18) days, until July 31, 2008.  When he filed an administrative grievance on the latter date relative to his continued confinement, he alleges that prison officials urged him to dismiss the grievance in exchange for placing him back in his original housing assignment.  In a supplemental pleading, rec.doc.no. 6, the plaintiff acknowledges that, "after the dismissal of his administration remedy", and after he allegedly filed an application for mandamus relief, "he was reinstated to his normal status".

First, to the extent that the plaintiff complains of his mere overlong placement in administrative segregation, the law is clear that the classification of inmates is a matter left to the sound discretion of prison officials, <u>Wilkerson v. Maggio</u>, 703 F.2d 909 (5th Cir. 1983), and inmates have no right to a particular classification under state law.

McGruder v. Phelps, 608 F.2d 1023, 1026 (5th Cir. 1979). Second, with regard to deprivations allegedly suffered by the plaintiff in administrative segregation, although an inmate has a constitutional right under the Eighth Amendment to be free from exposure to cruel and unusual conditions of confinement, the Eighth Amendment, "does not mandate comfortable prisons". Rhodes v. Chapman, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Rather, it imposes upon prison officials only minimum requirements in the treatment and facilities which they provide to prisoners. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). While prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, a constitutional violation occurs only when two requirements are met. First, there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." Harris v. Angelina County, Texas, 31 F.3d 331 (5th Cir. 1994), citing Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Second, under a subjective standard, the Court looks to whether the prison officials allegedly responsible for the deprivation have been "'deliberately indifferent' to inmate health or safety". Farmer v. Brennan, supra. Specifically, the officials must have been aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and they must also have drawn the inference. Id. While some conditions of confinement may establish an Eighth Amendment violation "in combination", when each would not do so alone, this will occur only when these conditions have a mutually enforcing effect that produces the deprivation of a single, identifiable human need. Nothing so amorphous as "overall conditions" can rise to the level of cruel and

unusual punishment when no specific deprivation of a single human need exists.  Id.  The deliberate indifference standard is appropriately applied to the plaintiff's allegations regarding the conditions of his confinement.  Woods v. Edwards, 51 F.3d 577 (5th Cir. 1995); Wilson v. Seiter, supra.

In the instant case, there is no indication that the plaintiff was deprived of any basic human need.  The most that he has alleged is that, while in administrative segregation for eighteen (18) days, he was denied "yard, phone, etc., privileges", which are apparently available to inmates housed in extended lockdown.  He does not complain, however, that he suffered any actual injury as a result of these deprivations, and the law is clear in this regard that an inmate may not recover for mere mental or emotional damages without a showing of a physical injury.  42 U.S.C. § 1997e(e).  Further, the plaintiff does not allege that the deprivations were more than temporary and short-lived.  Under these circumstances, therefore, and in light of the brief period of time that the plaintiff was maintained in administrative segregation, the Court concludes that this issue does not rise to the level of a constitutional violation.  Absent allegations of deprivations greater than mere inconvenience or discomfort, the plaintiff has failed to allege the deprivation of a "basic human need."

Further, to the extent that the plaintiff's allegations may be interpreted as asserting that he was falsely accused or that he was found guilty of conduct of which he was innocent, the law is clear under § 1983 that a mere allegation by an inmate that he has been reported or punished for an act which he did not commit does not state a claim of denial of due process.  See Collins v. King, 743 F.2d 248 (5th Cir. 1984).  Moreover, even if procedural rules were not scrupulously adhered to in

this case, as the plaintiff suggests (because he was not provided with a disciplinary board hearing within 72 hours as mandated by prison rules), the United States Supreme Court has held that prison disciplinary proceedings fail to implicate a constitutionally protected liberty interest unless the resulting punishment subjects the inmate to an atypical, significant deprivation (evaluated in the context of prison life) in which the State might conceivably have created a liberty interest for the benefit of the inmate. Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). In Sandin, the Supreme Court held that a disciplinary sentence of placement in segregated confinement failed to rise to the level of a constitutional claim. In the instant case, this Court similarly concludes that the plaintiff's claim – of eighteen (18) days in administrative segregation – fails to result in an atypical and significant deprivation in the context of prison life. Accordingly, the plaintiff's claim fails to rise to the level of a constitutional violation, and the Complaint should be dismissed as legally frivolous.[2]

## RECOMMENDATION

It is recommended that the plaintiff's claims be dismissed, with prejudice, as frivolous pursuant to 28 U.S.C. § 1915. It is further recommended that the plaintiff's pending motions, rec.doc.nos. 4, 6 and 8, be denied as moot, and that this action be dismissed.[3]

---

[2] To the extent that the plaintiff contends that he should have been provided with the assistance of inmate counsel to help him with his claim, the Court finds this claim to be without merit.

[3] The plaintiff is specifically placed on notice that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

Signed in chambers in Baton Rouge, Louisiana, July 15, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

prisoner is under imminent danger of serious physical injury."